

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-85,233-01

### EX PARTE MARK MOLINA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2012CR4792-W1 IN THE 186TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of marijuana and sentenced to six years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that his trial counsel was ineffective and his plea involuntary. Applicant was charged by indictment with possession of marijuana in an amount of five pounds or more but less than fifty pounds. The offense was a third degree felony, with a punishment range of two to ten years' imprisonment. TEX. HEALTH & SAFETY CODE §481.121(b)(4); TEX. PENAL CODE § 12.34.

Applicant's trial counsel has provided an affidavit, however, counsel fails to state the specific range of punishment he advised Applicant he was facing. If Applicant pleaded guilty because he believed that he would be subject to a sentence of fifteen to 99 years' or life imprisonment if he were convicted at trial, then his plea may not have been knowingly and voluntarily entered.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claim that his plea was involuntary. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether counsel incorrectly advised Applicant of the punishment range. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law as to whether Applicant understood the nature and consequences of his plea. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 5, 2016
Do not publish